UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
DEC 0 7 2007

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 07-40059-03 |
| Plaintiff, | |
| vs. | **ORDER** <br> Motion to Sever, Doc. 171 <br> Motion for Bill of Particulars, Doc. 168 |
| NOE TORRES-RIVERA | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the Court for a motions hearing on Monday, December 3, 2007. The United States appeared by Assistant United States Attorney, John Haak, while Defendant Noe Torres-Rivera appeared in person and by his counsel, Nicole Carper. Defendant moved the Court for a severance from his co-defendants (Doc. 171) and for a bill of particulars (Doc. 168).

## INTRODUCTION

In this criminal case, Defendant Noe Torres Rivera is charged in a Second Superceding Indictment along with five other Defendants with conspiracy to possess and distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (COUNT 1). Torres-Rivera is also charged with possession of an identification document with intent to defraud in violation of 18 U.S.C. § 1028(a)(4) (COUNT 7). Defendant Torres-Rivera moves for severance from his co-defendants pursuant to Fed. R. Crim. P. 14. That rule states:

**Rule 14. Relief from Prejudicial Joinder**

**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

In the body of his Motion, Defendant Torres-Rivera asserts a joint trial will prejudice his substantial right to a fair trial in the following ways: (1) his co-defendants have antagonistic defenses; (2) the government may introduce evidence that is competent as to a co-defendant, but incompetent as to Torres-Rivera; (3) there is important evidence which exculpates Torres-Rivera which would be admissible in a separate trial but which could be inadmissible in a joint trial; and (4) the prior criminal record of co-defendant Torres-Rivera (sic) and perhaps other co-defendants if allowed into evidence at a joint trial would prejudice the jury against Torres-Rivera.

Torres-Rivera also moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). That rule states:

### Rule 7. The Indictment and the Information

**(f) Bill of Particulars**. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Torres-Rivera requests the bill of particulars contain the following information: (1) the identity of each person with whom it is alleged he entered into the conspiracy to distribute the drugs which are the subject of the indictment; (2) the substance of the agreement in furtherance of the conspiracy between the persons identified as co-conspirators, including the dates, the facts establishing the relationships between the parties, the substance and purpose of the agreement, and the location of the parties and the time of the communication; (3) as to persons identified in paragraph (1) who are not acquaintances of Torres-Rivera but are alleged to be involved in the conspiracy, facts which establish those individuals were a part of the conspiracy including all factors enumerated in paragraph (2); (4) identities of un-indicted co-conspirators; (5) the amount of methamphetamine attributable to Torres-Rivera's own actions including the quantity alleged, the date, time and location Torres-Rivera is alleged to have possessed such quantity and the parties and witnesses to any alleged sale or distribution of said quantity; (6) the quantity of methamphetamine attributable to Torres-Rivera by the actions of others he aided and abetted and for each such amount the same factors as listed in number (5); (7) as to methamphetamine attributable to Torres-Rivera because of reasonably foreseeable acts of others the same factors listed in paragraph (5).

Torres-Rivera's counsel submitted an affidavit in support of the motion for bill of particulars in which she explained that the Government has provided the Defendants with more than 500 pages of narrative reports as a part of the discovery in this matter. (*See* Doc. 169). Additionally, the Government has provided "hours of recorded interviews with various individuals." *Id.* Nonetheless, Torres-Rivera asserts he is unable to discern which drug quantities the Government attributes to him either by his own actions, the actions of others whom he allegedly aided and abetted, or because of the reasonably foreseeable acts of others.

## DISCUSSION

### 1.     Motion for Severance (Doc. 171)

The grant or denial of a motion to sever is left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion that resulted in clear prejudice. *U.S. v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999). Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003).     "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Kime*, 99 F.3d 879, 880 (8th Cir. 1996).

The first basis for Defendant Torres-Rivera's motion is his contention that he and his co-defendants have antagonistic defenses. The United State Supreme Court has addressed this argument in *Zafiro v. United States*, 113 S.Ct. 933, 506 U.S. 534, 122 L. Ed.2d 317 (1993). The Court recognized  many of the Courts of Appeals have  expressed the view that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some instances so as to mandate severance. *Id.*, 506 U.S. at 538, 113 S.Ct. at 937. *See e.g. United States v. Shivers* 66 F.3d 938, 940

(8th Cir. 1995) (recognizing the existence of antagonistic defenses does not require severance unless defenses are actually irreconcilable).[1] The Court recognized, however, that in most instances, the degree of prejudice to require separate trials cannot be shown. *Id.* The Court declined to adopt a bright-line rule requiring severance when co-defendants present antagonistic defenses, or even if prejudice is shown. Rather, the District Court is allowed wide discretion to tailor relief to the specific situation presented by each case. *Id.* 506 U.S. at 538, 113 S.Ct. at 538-59. The Court cautioned that co-defendants properly joined under Rule 8(b) should be severed only if a joint trial would (1) compromise a specific trial right of one of the defendants; (2) prevent the jury from making a reliable judgment about the guilt or innocence of one of the defendants. *Id.* The examples given by the Supreme Court were a complex, multi-defendant case in which evidence which would not be admissible in a separate trial is admitted in a joint trial, against a co-defendant, or when many defendants who had markedly different degrees of culpability were tried together in a complex case. *Id.* The Supreme Court rejected, however, the defendant's notion that "the very nature of their defenses, without more, prejudiced them." *Id.*, 505 U.S. at 539-40, 113 S.C. at 938. The Court held that usually, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."

In *Zafiro* the Court summarized the co-defendants' theories as "both claiming they were innocent and accusing the other of the crime." They asserted entitlement to a severance because of the prejudice caused by their mutually antagonistic defenses. The Supreme Court noted the Government had offered evidence that each defendant was guilty. "Even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions and juries are presumed to follow their instructions." *Id.*, 506 U.S. at 540, 113 S.C. at 939. In this case, as in *Zafiro*, even if the defendants each claim the other is solely responsible for the alleged drug distribution, the District Court may avoid prejudice by, for example, instructing the jury: (1) that the Government

---

[1] The co-defendants in *Shivers* were accused of distributing cocaine. They each pointed the finger at the other. One claimed he did not know the package handed to him by the other was cocaine. The other claimed he did not know there was cocaine in the car, nor did he give his co-defendant any cocaine. The *Shivers* court held that a joint trial was appropriate, because "one defendant's attempt to save himself at the expense of another co-defendant is not a sufficient ground to require severance." *Shivers*, 66 F.3d at 940.

has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against him; (2) the jury must give separate consideration to each individual defendant and to each separate charge against him; (3) and that each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. *Zafiro*, 506 U.S. at 541, 113 S.C. at 939.

Next, Torres-Rivera asserts that some evidence may be competent as to his co-defendants but not as to him. In *United States v. Kime* 99 F.3d 879, 880 (8th Cir. 1996), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately . . . Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." *Id.* at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. *Id.* In this case, there are six defendants. The alleged conspiracy was relatively short (twenty months–from early 2006 through August, 2007), and the Indictment contains two charges involving Defendant Torres-Rivera–conspiracy to distribute 500 grams or more of methamphetamine and possession of an identification document with intent to defraud. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted). *See also United States v. Moore*, 149 F.3d 773, 778 (8th Cir. 1998)(risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); *United States v. Flores*, 362 F.3d 1030 (8th Cir. 2004) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant Torres-Rivera has not shown that the alleged disparity of evidence between him and the other Defendants will prevent him from receiving a fair trial in this

matter. There are six Defendants. There are two counts in the indictment pertaining to Defendant Torres-Rivera and he is free to request appropriate limiting instructions from Judge Piersol.

Next, Torres-Rivera asserts that exculpatory evidence might be admissible at a separate trial, but not in a joint trial. Torres-Rivera has not, however, identified any such evidence. Defendant Torres-Rivera has provided no evidence that any of his co-defendants have expressed a willingness or intent on the record to offer exculpatory testimony. "A defendant is not entitled to severance on the weight of an unsupported possibility that a co-defendant's testimony might be forthcoming at a separate trial. A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record." *United States v. Graham*, 548 F.2d 1302, 1311 (8th Cir. 1977) (citations omitted). *See also, United States v. Caspers*, 736 F.2d 1246, 1248 (8th Cir. 1984) (attorney's assertion that exculpatory testimony would be forthcoming not enough–affidavit from co-defendant was absent); *United States v. Easom*, 569 F.2d 457, 458 (8th Cir. 1978) (defendant not entitled to severance based on "unsupported possibility" that co-defendant's testimony might be forthcoming at a separate trial).

Finally, Defendant Torres-Rivera asserts the prior criminal record of co-defendants would be prejudicial to him in a joint trial. "Other crimes" and bad acts evidence may be properly admitted and accompanied by instructions to the jury that the evidence should be considered only against the defendant to whom it pertains. "[T]hat evidence is admissible as to one defendant but not as to his co-defendants does not alone require severance. And, evidence of prior criminal offenses of one defendant does not prejudice his co-defendants to the level of requiring severance. Nor is a defendant entitled to severance merely because the evidence against a co-defendant is more damaging than against him." *United States v. Robinson*, 774 F.2d 261, 267 (8th Cir. 1985). None of the reasons Defendant Torres-Rivera asserts, therefore, justify a severance.

### 2.  Motion for Bill of Particulars (Doc. 168)

Defendant Torres-Rivera also moves for a Bill of Particulars. Count I of the indictment alleges:

> Beginning on our about early 2006, and continuing to on or about August 16, 2007, in the District of South Dakota and elsewhere, Travis Dean Walter; Milton Julio

Rabanales, a/k/a Enrique Sunun, a/k/a Enrique Sunn, a/k/a Milton Julio Ramos; John Doe, a/k/a Noe Torres-Rivera, a/k/a Romiro Sanches-Lopez, a/k/a "Chovi" a/k/a Noe Rivera; Enrique Bartolon-Gomez; Alexander Anthony Soto; and Gregory John Sims did knowingly and intentionally combine, conspire, confederate, and agree together with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the Court to determine whether a Bill of Particulars should be provided, and the Court should grant the motion if necessary to prevent unfair surprise at trial. *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also, United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The Court must strike a "prudent balance" between the legitimate interest of the government and the Defendant. *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A Bill of Particulars is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). A Bill of Particulars properly includes clarification of the Indictment, not the Government's proof of its case. *United States v. Smith*, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the Indictment for purposes of establishing an alibi is not the function of a bill of particulars. *United States v. Long*, 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the Court for a Bill of Particulars to provide several specific items of information regarding the charge contained in the Indictment. He seeks specific dates and times of the acts he allegedly committed in furtherance of the conspiracy and the identity of the persons with whom he committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. *United States v. Jiminez*, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, *see* 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an Indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; *see United States v. Covos*, 872 F.2d 805, 810 (8th Cir. 1988); *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir.1986); *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the

commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. *United States v. Shabani*, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." *United States v. Sweeney*, 688 F.2d at 1140. The indictment in this case meets these standards.

The Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those he aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Indictment, along with the extensive discovery provided to date, are however, sufficient for the preparation of a defense. *See United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir.). Because the United States has represented to the Court that it has supplied extensive discovery and because the Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant has not shown that a Bill of Particulars is necessary to prevent unfair surprise at trial.

## CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Defendant Torres-Rivera's Motion for Severance (Doc. 171) and Motion for Bill of Particulars (Doc. 168) are both DENIED.

Dated this 7th day of December, 2007.

BY THE COURT:

_____
John E. Simko,
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By_____, Deputy

(SEAL)